**IN THE COURT OF APPEALS OF IOWA**

No. 20-1192
Filed November 30, 2020

**IN THE INTEREST OF A.D. and A.D.,**
**Minor Children,**

**M.D., Father,**
    Appellant,

**E.D., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Christopher Kemp, District Associate Judge.

A mother and father separately appeal the termination of their respective parental rights. **AFFIRMED ON BOTH APPEALS.**

Jeremy L. Merrill of Lubinus & Merrill, PLC, Des Moines, for appellant father.

Marshall W. Orsini of Law Offices of Marshall W. Orsini, PLC, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Paul White of Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor children.

Considered by Mullins, P.J., and May and Schumacher, JJ.

**MAY, Judge.**

A mother and father appeal from the terminations of their respective parental rights to their children, A.R.D. and A.M.D.  Both parents argue (1) the State failed to establish statutory grounds authorizing termination and (2) termination is not in the children's best interests.  We affirm.

We review termination proceedings de novo.  *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020).  "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination.  Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence."  *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (internal citation omitted).

We generally use a three-step analysis to review the termination of parents' rights.  *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).  We must determine: (1) whether grounds for termination have been established, (2) whether termination is in the children's best interests, and (3) whether we should exercise any of the permissive exceptions to termination.  *Id.* at 472–73.  "However, if a parent does not challenge a step in our analysis, we need not address it."  *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020).

Both parents claim the State failed to satisfy the statutory grounds authorizing termination.  The juvenile court found grounds authorizing termination under Iowa Code section 232.116(1)(f) (2020) for A.R.D., born in 2015.  Paragraph (f) authorizes termination when:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(f).  The juvenile court also found grounds authorizing termination under section 232.116(1)(h) for A.M.D., born in 2018.  Paragraph (h) authorizes termination when:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h).

The fourth element of 232.116(1)(f) is the same as the fourth element of section 232.116(1)(h).  And here, both parents limit their challenges to this fourth element, whether A.R.D. and A.M.D. could be returned to their home.  The fourth element is satisfied when the State establishes a child cannot be safely returned to the parent at the time of the termination hearing.  *In re T.W.*, No. 20-0145, 2020 WL 1881115, at *2–3 (Iowa Ct. App. Apr. 15, 2020).

The State highlights the parents' continual struggle with substance-abuse and mental-health concerns.  They also live in a three bedroom apartment with the maternal grandmother, who has her own substance-abuse and mental-health issues.  The parents came to the attention of the Iowa Department of Human

Services (DHS) after a report that they were using drugs while caring for the children. Both parents admitted using and tested positive for cocaine and THC. In March 2019, they consented to removal of the children.

Since removal, the parents have continued to struggle with substance abuse. Both have been diagnosed with severe substance-abuse disorders. And both tried attending treatment centers but were discharged for a lack of compliance. To date, the mother has not completed a treatment program. The father completed residential treatment after being incarcerated in May 2019. But he was discharged from aftercare for a lack of compliance.

From March to December 2019, both parents repeatedly tested positive for cocaine, marijuana (THC), heroin, opiates, and benzodiazepines.[1] The father also tested positive for morphine. The mother admitted to using heroin with the father in March 2020. And in May, both tested positive for opiates and benzodiazepines. In July, the father tested positive for marijuana (THC), opiates, and benzodiazepines. The mother tested positive for opiates. The parents have also refused drug testing on a few occasions.[2] The parents have not progressed

---

[1] Both parents are in medically-assisted treatment programs with methadone. They were advised that the use of methadone and benzodiazepines can create a lethal combination.

[2] We presume missed tests would have been positive for illegal substances. *See D.G.*, No. 20-0587, 2020 WL 4499773, at *4 (Iowa Ct. App. Aug. 5, 2020); *In re I.J.*, No. 20-0036, 2020 WL 1550702, at *2 (Iowa Ct. App. Apr. 1, 2020) ("We presume these drug missed tests would have resulted in positive tests."); *In re In re L.B.*, No. 17-1439, 2017 WL 6027747, at *2 (Iowa Ct. App. Nov. 22, 2017); *In re C.W.*, No. 14-1501, 2014 WL 5865351, at *2 (Iowa Ct. App. Nov. 13, 2014) ("She has missed several drug screens, which are thus presumed 'dirty,' i.e., they would have been positive for illegal substances.").

beyond fully-supervised visits since November 2019, when DHS ended semi-supervised visits because of the parents' refusal to provide a drug screen.[3]

So, for both parents, our primary concern is persistent substance abuse. At the termination hearing, both parents candidly testified that their substance abuse creates a risk to the children. We agree. And, like the juvenile court, we find A.R.D. and A.M.D. could not have been safely returned to the parents' care at the time of the termination hearing. *See In re L.B.*, No. 18-1017, 2018 WL 3650370, at *1 (Iowa Ct. App. Aug. 1, 2018) (collecting cases affirming termination of a parent's parental rights when the parent has a history of substance abuse). This step in our analysis is satisfied. *See Z.P.*, 948 N.W.2d at 524 (affirming termination where the parent "was not prepared to assume a parenting role at the time of trial").

Our next step centers on the children's best interests. *See* Iowa Code § 232.116(2). We "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

---

[3] In addition to substance abuse, there have also been mental-health concerns. In July 2020, the father sought hospitalization for suicidal ideation. Although he admits he could benefit from continued mental-health services, he has not sought them.

The mother struggled with depression and anxiety since approximately 2010. But she has attended therapy since August 2019. And she is currently on a prescribed antidepressant.

Like the juvenile court, we conclude termination is in the children's best interests. We do not question the parents' affection for the children. Even so, we cannot ignore their extensive history of substance abuse. Given their history, we are not confident either parent will be able to adequately meet the children's needs in the foreseeable future. *See In re C.W.*, 554 N.W.2d 279, 283 (Iowa Ct. App. 1996). Meanwhile, A.R.D. and A.M.D.'s foster parents can provide a stable, nurturing home. The second step in our analysis is complete.

Finally, we consider whether to apply a section 232.116(3) exception to termination. Section 232.116(3) exceptions are permissive, not mandatory. *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). And the burden of establishing a section 232.116(3) exception rests with the parents. *See A.S.*, 906 N.W.2d at 476.

Both parents refer to section 232.116(3) and emphasize their bond with the children. We believe they both rely on section 232.116(3)(c).[4] It authorizes the court to forgo termination if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c).

The juvenile court found there was "not clear and convincing evidence that termination would be detrimental due to the closeness of the parent-child relationship." *See In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). Based on our de novo review, we agree. We do not believe termination is detrimental. Rather, as explained, termination is in the children's best interests. *See In re D.W.*, 791

---

[4] The father explicitly mentions section 232.116(3)(c). The mother does not.

N.W.2d 703, 709 (Iowa 2010) ("[O]ur consideration must center on whether the child will be disadvantaged by termination, and whether the disadvantage overcomes [the parent]'s inability to provide for [the child]'s developing needs."). So we decline to apply section 232.116(3)(c).[5]

We affirm the juvenile court as to both parents.

**AFFIRMED ON BOTH APPEALS.**

---

[5] The father also makes a passing reference to section 232.116(3)(a), which "permits a juvenile court to preclude termination when '[a] relative has legal custody of the child.'" *In re S.G.*, No. 19-1876, 2020 WL 2065946, at *2 (Iowa Ct. App. Apr. 29, 2020) (quoting Iowa Code § 232.16(3)(a)). But "the burden of establishing a section 232.116(3) exception rests with the parent contesting termination." *Id.* (citing *A.S.*, 906 N.W.2d at 476). The father's passing reference does not meet this burden. *See State v. Louwrens*, 792 N.W.2d 649, 650 n.1 (Iowa 2010) ("Moreover, passing reference to an issue, unsupported by authority or argument, is insufficient to raise the issue on appeal.").